UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 11-51-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROBERT JASON CHAPMAN, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Many motorcycle enthusiasts enjoy gathering with hundreds, and sometimes thousands, of others at shows and events across the country. This presents a target-rich environment for those who steal motorcycles. Defendants are accused of doing just that. They deny the allegations and have filed several motions to dispose of the charges against them without a trial.[1] Defendants contend that the statute of limitations bars the prosecution of some of the counts included in the Superseding Indictment, while the other counts they assert are not supported by the evidence proffered by the United States. Separately, Defendant Mark Justice seeks to have the Superseding Indictment Quashed because he claims it is prejudicial. [R. 238.] Despite their collective effort, this matter will proceed to trial and the counts challenged will remain. Ultimately, the trier of fact will decide the sufficiency of the evidence.

**I.**

On December 15, 2011, Defendants were indicted on several counts arising from the alleged theft of motorcycles. [R. 157-1.] Count 1 of the Superseding Indictment

---

[1] [R. 262; R. 270; R. 276; R. 282; R. 284; R. 290; R. 295; R. 310; R. 314; R. 315; R. 316; R. 349.]

provides that from January 2000 until February 2008, Defendants were involved in a conspiracy to commit money laundering through the theft and transaction of stolen motorcycles in violation of 1956(h). [R. 157, at 3.]  Counts 2 through 7 charge Defendants with the underlying substantive money laundering offense in violation of 1956(a)(1)(B)(i). [*Id.* at 3-7.] Some Defendants were also charged in Counts 8 through 13 with violations of 18 U.S.C. § 2321, which criminalizes buying, receiving, possessing, or obtaining control of, with intent to otherwise dispose of, a motor vehicle or motor vehicle part, knowing that an identification number for such motor vehicle or part has been removed, obliterated, tampered with, or altered. [*Id.* at 8-10.]

In their motions to dismiss, Defendants challenge the sufficiency of the Indictment.  First, they argue that the statute of limitation precludes the prosecution of Counts 1 through 7.  Then, alternatively, they contend that several of the Counts are unsupported by the evidence presented in discovery.

Motions to dismiss indictments are reviewed under Rule 12 of the Federal Rules of Criminal Procedure, which states "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Fed.R.Crim.P. 12(b).  In this Circuit, district courts are instructed to "dispose of all motions before trial if they are capable of determination without trial of the general issue." *U.S. v. Jones,* 542 F.2d 661, 665 (6th Cir.1976).  Moreover, "Rule 12 vests the Court with authority 'to determine issues of fact in such manner as the court deems appropriate.'" *Id.*. "[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Jones,* 542 F.2d

at 664; *see also U.S. v. Craft,* 105 F.3d 1123, 1126 (6th Cir.1997). A defense raised in a motion to dismiss indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Jones,* 542 F.2d at 664 (citing *United States v. Covington,* 395 U.S. 57, 60 (1969)).

If an indictment is valid on its face, then it may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams,* 504 U.S. 36, 54 (1992). District courts are advised to consider only those objections that are "'capable of determination without the trial of the general issue'". *United States v. Knox,* 396 U.S. 77, 83 n. 7 (1969) (quoting Fed. R. Crim. P. 12(b)(2)). Accordingly, any factual issues present, must be resolved in favor of the indictment. *United States v. Kurleman*, 2010 WL 3585681, at *3 (S.D. Ohio, September 10, 2010).

## II.

### A.

Defendants allege that Counts 1, 2, 3, 4, 5, 6, 7 are barred by the statute of limitations because the time for prosecuting for the specified unlawful activity alleged in those counts has passed. They argue that the underlying unlawful activity, transportation of stolen motorcycles, did not occur within five years of the Indictment. This argument is unpersuasive.

The statute of limitations mandated for non-capital matters is five years. 18 U.S.C. § 3282. This means that the United States must indict within five years of the commission of the alleged offense. *Id.* In considering a motion to dismiss, review is limited to the facts alleged in the indictment. *See United States v. Marra*, 481 F.2d 1196,

1199 (6th Cir. 1973). Failure to allege facts in the indictment occurring within the applicable statute of limitations bars prosecution of the alleged offense. *United States v. Crossley*, 224 F.3d 847, 858 (6th Cir. 2000).

To convict a defendant of conspiracy to commit money laundering under § 1956, the United States is required to prove "(1) that two or more persons conspired to commit the crime of money laundering, and (2) that the defendant knowingly and voluntarily joined the conspiracy." *United States v. Garcia,* 259 Fed.Appx. 747, 750 (6th Cir.2008). The United States is not, however, required to prove that the defendant committed an overt act in furtherance of the conspiracy. *See Whitfield v. United States,* 543 U.S. 209, 214 (2005) (explaining that "the Government need not prove an overt act to obtain a conviction" under § 1956(h)); *United States v. Musick,* 291 Fed.Appx. 706, 715 (6th Cir. 2008) (noting that no overt act must be proved under *Whitfield*). Rather, the United States need only show that the defendant "agreed with another person to violate the substantive provisions of the money-laundering statute during the period alleged in the indictment." *Hynes,* 467 F.3d at 964. Moreover, "normally the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999) (citing *Pinkerton v. United States*, 145 F.2d 252 (5th Cir. 1944)

**1.**

Although they are accused of stealing motorcycles, Defendants are not charged with that substantive crime. Instead, they are charged with engaging in a conspiracy to commit money laundering arising from the theft. Count 1 alleges that Defendants participated in the money laundering conspiracy committing specific unlawful acts within

the five-year limitations period.  None of the Defendants have presented evidence suggesting that they were not involved in the money laundering conspiracy or that it ended prior to 2008.

More importantly, even if Defendants were arguing that they had withdrawn from the conspiracy, such a claim is an affirmative defense to be resolved by a jury at trial, not by this Court in a motion to dismiss. *See United States v. Payne,* 962 F.2d 1228, 1234-35 (6th Cir.1992).  Because Defendants have failed to establish a sufficient nexus between the unlawful activity and the conspiracy such that the running of the limitations period on the former affects the United States' ability to prosecute the latter, their motion to dismiss must fail as to Count 1.

**2.**

Their challenges to Counts 2 through 7 suffer the same fate.  Again, Defendants rest their argument on the commission of the underlying offense, of which they have not been charged, with the commission of money laundering offenses.  These are two distinct crimes. *See United States v. Cantrell*, 278 F.3d 543, 548 (6th Cir. 2001) (court found that "Congress intended separate punishment for section 1957 offenses and for the 'specified unlawful activity' underlying the section 1957 offense."); *see also U.S. v. Ford*, 184 F.3d 566, 573 (6th Cir. 1999) (explaining that "[o]ffenses under both section 1956 and section 1957 are referred to as 'money laundering' offenses.")

To be convicted of money laundering "Section 1956(a)(1)(B)(i) requires that [a] defendant conduct a monetary transaction to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of unlawful activity." *United States v. Kelley*, 2008 WL 5517559 (E.D. Tenn. Oct. 24, 2008) (quoting *United States v.*

*LaBrunerie,* 914 F.Supp. 340, 346 (W.D.Mo.1995)).  The relevant counts allege that the money laundering offenses occurred between September 8, 2006 and March 12, 2007. [R. 157-1, at 3-7.]

Defendants were indicted on December 15, 2011, but it is a Superseding Indictment.  Defendants were originally indicted on August 11, 2011. [*Id.*; R. 1.] Because the statute of limitations "stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999) (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976)).  "In determining whether a superseding indictment broadens the charges in the original indictment, the touchstone is whether the original indictment provided notice of the charges such that the defendant can adequately prepare his or her defense." *United States v. Watford*, 468 F.3d 891, 909 (6th Cir. 2006) (quoting *Smith*, 197 F.3d at 229).

First, Counts 6 and 7, which allege the commission of money laundering offenses on December 21, 2006, and March 12, 2007, respectively, are not affected by the statute of limitations.  Because the Superseding Indictment was filed on December 15, 2011, the alleged dates of the offenses are within the five-year statutory period allowing the United States to prosecute.  Counts 2 through 5, however, alleging the commission of crimes on September 8 and 10, 2006, and October 10 and 19, 2006, respectively, are outside of the statute of limitations and are not eligible for prosecution by the United States unless they relate back to the original indictment.

6

The charges included in Counts 2 through 5 are not broadened by the Superseding Indictment.  The Counts relating to the money laundering offenses are exactly the same in the initial and Superseding Indictment, [R. 1, R. 157-1] thus any concerns about adequate preparation would be far fetched. *See United States v. Watkins*, 2007 WL 1239212, at *2 (W.D. Ky. Apr. 27, 2007) (the court explaining that "[b]ecause the charges against [defendant] alleged in Count 1 remained entirely unaltered in the Superseding and Second Superseding Indictments, they relate back to the original Indictment which was timely filed.").  This means that the United States is not precluded from alleging the charges included in Counts 2-7 against Defendants, even though the Superseding Indictment was issued after the running of the limitations period.

**B.**

Alternatively, Defendants contend that Counts 1, 2, 5, and 8 through 13 are unsupported by the evidence presented by the United States' experts in discovery.[2] [R. 262-1, at 5.]  Defendants also assert that the allegations are not supported by any credible evidence.  These arguments, while relevant, are not sufficient reasons to dismiss the Superseding Indictment.

Count 1 is the money laundering conspiracy.  Counts 2 and 5 are money laundering offenses.  Counts 8 through 13 charge Defendants with the illegal trafficking of motorcycles in violation of 18 U.S.C. § 2321. [R. 157-1, at 8-10.]  Despite not offering any case law to support their position, Defendants attack the sufficiency and credibility of the evidence presented by the United States to support these counts.  However, district courts do not weigh evidence, make credibility determinations, or substitute its judgment

---

[2] Defendant Justice requested dismissal of Count 18, but the Court will refrain from addressing its dismissal because he is not charged in it. [R. 157-1, at 12.]

7

for that of the trier of fact. *United States v. Hillard*, 11 F.3d 618, 620 (6th Cir. 1993).

Defendants are more than free to argue that the evidence is not credible or insufficient,

but that argument needs to be made to a jury, not the Court.  *See Universal Milk Bottle*

*Service v. U.S.*, 188 F.2d 959, 963 (6th Cir. 1951) (explaining that a district court "was

not required, on the motions, to determine factual issues raised by appellants as to the

truth or falsity of the allegation of the indictment…") "A motion to dismiss the

indictment is not the appropriate vehicle by which a defendant may challenge the truth of

the charges contained therein." *United States v. Felice*, 481 F.Supp.79, 91 n. 3 (N.D.

Ohio 1978).  Given the strong aversion to resolving factual disputes before trial, these

counts will not be dismissed on this ground. *See Kurleman*, 2010 at *3.

## C.

Separately, Mark Justice raises the prospect of quashing the indictment.  He

argues that charging him under the Superseding Indictment is error and irreconcilably

prejudicial. With more than a hint of hubris, he observes that "[t]he Fifth Amendment

guarantees that the accused only be required to defend against those offenses presented in

the indictment and not everything [that] has happened in his whole life and in the whole

world." [R. 238, at 3.]  He also seeks to understand how persons not charged with any

knowledge of the conduct included in the additional Counts can "be answerable for those

acts?" [*Id.* at 4.]

The reason is that after review of the Superseding Indictment and the original

indictment, it is clear that the additional counts have no impact on the rights of Justice.

In *Rugerio*, the Sixth Circuit Court of Appeals reviewed a defendant's motion for a

separate trial for abuse of discretion after it was denied by the district court. 20 F.3d at

1391.  The basis for the motion was the presence of charges against two of the defendant's alleged co-conspirators for "possession and/or use of firearms and intimidating and threatening a witness." *Id.*  The court of appeals upheld the district court ruling explaining that the counts against the three defendants were "'logically interrelated and involve[d] overlapping proof.'" *Id.* (citing *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987)).  The court further remarked that it "presume[s], unless the defendant carries a strong burden of showing to the contrary, that the jury is "'capable of sorting out evidence and considering each count and each defendant separately.'" *Id.* (citing *Swift*, 809 F.2d at 323).

Here, a compelling argument can be made that the criminal offenses alleged in Counts 16, 17, and 18, are "logically interrelated and involve[d] overlapping proof" sufficiently connecting the alleged conduct to the other Counts set forth in the Superseding Indictment. *Rugerio*, 20 F.3d at 1391.  According to the United States, Justice's co-defendants intimidated and threatened witnesses with violence to dissuade them from cooperating with the United States in the prosecution of this matter. [R. 244, at 2.]  It is not a logical stretch to assume that the witnesses were intimidated to discourage them from disclosing information of the alleged criminal conspiracy.  Moreover, Justice does not refute the principle articulated in *Rugerio* that the jury will be capable of distinguishing between the charges alleged against Justice and his co-defendants.  Absent any showing by Justice to the contrary, the Court is not inclined to quash the Superseding Indictment.

Additionally, Justice's concerns about the Grand Jury and the time frame set forth in the Superseding Indictment are unfounded.  Although "the The Fifth Amendment

guarantees that an accused be tried only on those offenses presented in an indictment and returned by a grand jury," *U.S. v. Manning*, 142 F.3d 336, 339 (6th Cir. 1998), the Court can find no support, nor does Justice offer any, for the proposition that additional or superseding indictments must be returned by the same grand jury.   Further, Justice pled not guilty to the original indictment which set the time period for his alleged criminal conduct from January 2000 to February 1, 2008. [R. 1-2, at 2.]  The Superseding Indictment sets out the same time period and neither expands nor changes the dates of the alleged conspiracy as it relates to Justice's alleged involvement. [R. 157-1.]  For these reasons, Justice's motion must fail.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)    Motions R. 262, R. 270, R. 276, R. 282, R. 284, R. 290, R. 295, R. 310, and R. 314 are **DENIED**;

(2)    Motions R. 315 and R. 316 are **DENIED in part**; and

(3)    Justice's Motion to Quash Indictment [R. 238] is **DENIED**.

This 5th day of December, 2012.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**